UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SOLOMON WILLIAMS, et al., <br><br> Plaintiff(s), <br><br> v. <br><br> THE BOEING COMPANY, <br><br> Defendant(s). | NO. C98-761P <br><br> ORDER TRANSFERRING VENUE OF SEVERED ACTION |

On February 25, 2005, this Court entered an Order Denying Plaintiff Mary Dean's Motion for Removal of Lead Counsel and Severing Mary Dean's Claims from This Action ("Order," Dkt. No. 824) which had the effect, among other things, of severing the portion of this action concerning Plaintiff Mary A. Dean from the remainder of the litigation. The order indicated that Ms. Dean's matter "will be transferred to the District of Kansas should she choose to pursue her case individually." Order, p. 2.

In a letter dated May 2, 2005 (Dkt. No. 858), Plaintiff Dean has made known her wish to have this matter transferred to the District Court of Kansas. In accordance with the previous ruling on this matter,

IT IS HEREBY ORDERED that Plaintiff Mary Dean's claim against Defendant Boeing Company is transferred to the United States District Court for the District of Kansas, Wichita Division. The Clerk is directed to send uncertified copies of this Order to the Clerk of the Court of the District of Kansas, Wichita Division, and to all counsel of record.

**ORD ON TRANSFER
OF VENUE - 1**

IT IS FURTHER ORDERED that the portion of the case file which is available in electronic format shall be transmitted to the Clerk of the Court of the United States District Court for the District of Kansas, Wichita Division, as electronic copies contained on CDs.

The remainder of the record, which is available only in paper format, is too voluminous to copy and transmit in total.  The parties are invited to request copies of any documents that they deem necessary and the Clerk of this court is ordered to comply with those requests forthwith.  As an aid to understanding the posture of Plaintiff Dean's case at this point, the following is provided as a general overview:

| Date | Event |
|---|---|
| **6/4/98** | Original complaint filed (Dkt. No. 1) |
| **11/10/98** | First amended complaint filed (Dkt. No. 93) |
| **5/21/99** | Request for approval of settlement agreement and certification of class (Dkt. No. 365) |
| **8/16/99** | Objections to approval of settlement agreement filed (Dkt. No. 416) |
| **9/30/99** | Approval of settlement agreement and certification of class (Dkt. No. 417) |
| **10/29/99** | Appeal of decision to approval settlement agreement and certify class (Dkt. No. 452) |
| **5/27/03** | Ninth Circuit Court of Appeals reversed and remanded (Dkt No. 496); *see* Staton v. The Boeing Company, 327 F.3d 938 (9th Cir. 2003) |
| **10/15/03** | Case transferred to U.S. District Judge Pechman (Dkt. No. 563) |
| **1/21/05** | Certification granted to class of salaried, heritage Boeing employees, denied without prejudice to hourly employees (Dkt. No. 800) |
| **2/25/05** | Plaintiff Dean's claims severed from remainder of lawsuit (Dkt No. 824) |

The clerk is directed to provide copies of this order to all counsel of record.

Dated: May __18_, 2005

Marsha J. Pechman
U.S. District Judge

**ORD ON TRANSFER OF VENUE** - 2