UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SOLOMON WILLIAMS, et al.,

              Plaintiff(s),

    v.

THE BOEING COMPANY, et al.,

              Defendant(s).

NO. C98-761P

ORDER ON PLAINTIFFS' MOTION FOR CERTIFICATION OF SUBCLASS OF NON-HERITAGE SALARIED EMPLOYEES

The above-entitled Court, having received and reviewed:

1.    Plaintiffs' Motion for Certification of Subclass of Non-Heritage Boeing Salaried Employees

2.    Boeing's Response to Plaintiffs' Motion for Certification of Subclass of Non-Heritage Boeing Salaried Employees

3.    Plaintiffs' Reply in Support of Motion for Certification of Subclass of Non-Heritage Boeing Salaried Employees

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS HEREBY ORDERED that the motion is DENIED.

**Discussion**

Following this Court's ruling denying class certification for the non-Heritage Boeing employees (Dkt. No. 800), Plaintiffs' lead counsel filed an action on behalf of those employees in federal district court in Illinois (Calendar, et al. v. The Boeing Co., et al., No. 05C 0411 (N.D. Ill.)). Motion, p. 2. Those same employees have now filed a motion in this court seeking certification as a sub-class.

Plaintiffs rely heavily on language in the Court's previous order which they argue requires this Court to certify a subclass of non-Heritage Boeing employees to preserve their cause of action against

**ORD ON MTN TO
CERT SUBCLASS - 1**

1    the uncertain response of the Illinois courts to their claims in that forum.  The Court stated in its Order

2    on Class Certification that its holding (denying class certification to the salaried non-Heritage Boeing

3    employees in the lawsuit) "does not leave the non-Heritage Boeing African-American employees

4    without alternatives."  Order, p. 18.   This Court denied certification to the non-Heritage Boeing

5    employees based on (among other factors) the difficulties of trying the claims of that proposed class

6    along with the claims of the Heritage Boeing employees.  To the extent that Plaintiffs seek clarification

7    of the  language concerning their "alternatives," the Court meant that, in response to the ruling, the

8    non-Heritage employees could appeal, file their lawsuits individually or seek certification of a subclass

9    or subclasses of non-Heritage Boeing African-American employees.

10        Without offering an opinion on the merits of Plaintiffs' Illinois lawsuit, the "alternative"

11   envisioned by the Court was certainly encompassed in the action which the Calendar plaintiffs

12   undertook – to seek class certification in a lawsuit where the parameters of the class might be pared

13   down to a manageable scope.  Plaintiffs have chosen to pursue that alternative in another jurisdiction,

14   and it is not clear to this Court (nor do Plaintiffs cite any supporting authority) how they may return to

15   this forum to seek the certification which is contemplated by their Illinois action.

16        Plaintiffs' suit has been filed in Illinois, and it will be up to the Illinois court to decide what, if

17   any, impact the Court's previous ruling has on Plaintiffs' pending litigation in that forum.  Nothing has

18   happened in this jurisdiction to alter this Court's rationale for refusing class certification to the non-

19   Heritage Boeing litigants.

20   **Conclusion**

21        With no change of circumstances in this lawsuit and with Plaintiffs having filed a separate

22   lawsuit in another forum, their request for certification of a subclass of non-Heritage Boeing salaried

23   employees in this court is denied.

24

25

26   **ORD ON MTN TO**
     **CERT SUBCLASS - 2**

1      The clerk is directed to provide copies of this order to all counsel of record.

2      Dated:  June __9__, 2005

3      _____
       Marsha J. Pechman

4      U.S. District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   **ORD ON MTN TO**
     **CERT SUBCLASS - 3**