UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SOLOMON WILLIAMS, et al.<br><br>    Plaintiffs,<br><br>  v.<br><br>THE BOEING COMPANY, et al.<br><br>    Defendants. | NO. C98-761P<br><br>ORDER ON BOEING'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' COMPENSATION DISCRIMINATION CLAIM AND TO DECERTIFY THE CLASS AS TO THAT CLAIM |

This matter comes before the Court on Defendant Boeing Company's motion for partial summary judgment on Plaintiffs' compensation discrimination claim and to decertify the class as to that claim. (Dkt. No. 890). In this motion, Boeing argues: (1) the Court should enter summary judgment on the class compensation discrimination claim; and (2) in the alternative, the Court should enter summary judgment on the named Plaintiffs' individual compensation discrimination claims and decertify the class as to the compensation claim because the individual named Plaintiffs lack standing to maintain individual claims of compensation discrimination and cannot satisfy the typicality or adequacy of representation requirements of Fed. R. Civ. P. 23(a). Having reviewed the papers and pleadings submitted by the parties and having heard oral argument on this matter, the Court hereby GRANTS Boeing's motion in part.

ORDER - 1

The Court GRANTS Boeing's request for summary judgment on individual compensation discrimination claims of named Plaintiffs Kevin Biglow, Rhonda Capps, Doreen Ferguson, Mara Ferrari, and Beverly Trotter. The Court further GRANTS Boeing's motion to decertify the compensation discrimination class that had been previously certified in January 2005.

Because the Court has concluded that the compensation discrimination class should be decertified, it would not be appropriate or necessary for the Court to issue a ruling on the merits of the class-wide allegations of compensation discrimination by Boeing. Therefore, Boeing's request for summary judgment on the class compensation discrimination claim is STRICKEN as moot.

This order does not affect the class claim for discrimination in promotions. Trial will go forward on the class promotion discrimination claim as scheduled on December 5, 2005.

**Background**

This case was originally filed in 1998 has a long procedural history, which the Court previously set forth in its January 21, 2005 order on class certification. (Dkt. No. 800). The Court will not repeat the procedural background except to highlight facts and rulings that are pertinent to the pending motion.

Plaintiffs' original and first amended complaints in this action were filed in 1998 and alleged racial discrimination against African-Americans in promotions, as well as claims for retaliation and hostile work environment. Before any motions to certify the class were filed, Plaintiffs and Boeing reached a proposed Consent Decree. In September 1999, Judge Coughenour certified the class for settlement purposes and approved the Consent Decree. In certifying the class, Judge Coughenour held that Fed. R. Civ. P. 23(a)'s four requirements of numerosity, commonality, typicality, and adequacy of representation were satisfied.

Objectors appealed the approval of the settlement. In Staton v. Boeing, 327 F.3d 938 (9th Cir. 2003), the Ninth Circuit upheld the district court's determination that the class certification

ORDER - 2

requirements of Rule 23(a) had been satisfied, but reversed the district court's approval of the settlement on fairness grounds. The case was then remanded and ultimately transferred to this Court.

In June 2004, the Court granted Plaintiffs leave to file a Second Amended Complaint (SAC) that included claims for racial discrimination in compensation of salaried employees. (Dkt. No. 651). In their brief in support of this motion, Plaintiffs maintained that the SAC did not add any new causes of action. (Dkt. No. 639). Although Boeing did not oppose Plaintiffs' motion for leave to amend, Boeing disputed that the SAC did not add any new causes of action. In particular, Boeing asserted that the SAC "alleges for the first time claims involving issues of alleged 'compensation discrimination.'" (Dkt. No. 645).

On January 7, 2005, the Court heard oral argument from the parties on class certification. In their class certification brief, Plaintiffs argued that no additional analysis regarding Rule 23(a)'s requirements was necessary in light of the Ninth Circuit's ruling in <u>Staton</u>, which found that the class certified for settlement purposes in 1999 satisfied the requirements of Rule 23(a). (Dkt. No. 674 at 22). Boeing did not dispute that assertion. However, at oral argument the Court asked the parties:

> [O]ne of the things that concerns me is that the plaintiffs want to jump over the 23(a) requirements but it also appears to me that they have expanded the class, and so I want to know if you are going to expand the class do we need to go back and go through the 23(a) criteria for . . . at least the portion of the class that is expanding?

(Dkt. No. 898 at 3). Plaintiffs indicated that it was not necessary to address Rule 23(a) requirement. <u>Id.</u> at 6-7. Although Boeing stated that "[w]e think that the 23(a) issues are on the table," Boeing did not offer any specific argument with respect to Plaintiffs' ability to satisfy Rule 23(a) requirements for either the promotion or compensation discrimination claims. <u>Id.</u> at 83-84.

On January 21, 2005, the Court issued a class certification order that certified the following class under Fed. R. Civ. P. 23(b)(2):

ORDER - 3

African-American salaried employees employed by Heritage Boeing[1] from June 6, 1994 to the present, excluding executive and SPEEA Techs, seeking injunctive relief for racial discrimination in compensation and promotions.

(Dkt. No. 800 at 1). Because the certified class was limited to "Heritage" Boeing salaried employees, Boeing maintains and Plaintiffs do not dispute that only five of the Plaintiffs named in the Second Amended Complaint are included within the certified class: Kevin Biglow, Rhonda Capps, Doreen Ferguson, Mara Ferrari, and Beverly Trotter (hereinafter, the "named Plaintiffs").

In the class certification order, the Court addressed Rule 23(a) criteria in light of the addition of Plaintiffs' compensation discrimination claim as follows:

> To the extent that the currently proposed class is the same as or smaller than the class that was before the Ninth Circuit on appeal, the teaching of Staton is that Rule 23(a)'s four requirements for class certification are met. Plaintiffs, however, seek to enlarge the class . . . by adding the salary compensation claim (which could bring in additional salaried employee class members to whom the other claims did not apply) . . . .
>
> While the proposed class is potentially larger than it was on appeal, the Court finds that there is no reason why the addition of the salary compensation claim . . . would change the Ninth Circuit's 23(a) analysis. Therefore, this Court adopts the Ninth Circuit's Rule 23(a) analysis and concludes that Rule 23(a)'s requirements have been met, notwithstanding the additional claim . . . .

Id. at 7 (citations and footnotes omitted).

By separate orders in early 2005, the Court granted a motion by Boeing to dismiss Plaintiffs' compensation discrimination claims to the extent such claims are based on acts or conduct prior to May 28, 2000. (Dkt. Nos. 793 & 817). In granting the motion, the Court found that Plaintiffs' Second Amended Complaint represented the first time that a claim for racial discrimination in compensation for salaried employees had been alleged. (Dkt. No. 793). Because it was undisputed that Plaintiffs' claims for compensation discrimination could be brought only under 42 U.S.C. § 1981, the Court found that the four year statute of limitations for § 1981 claims applied and was tolled by the submission of the Second Amendment Complaint on May 28, 2004.

---

[1] "Heritage Boeing" refers to the Boeing Company before it acquired additional companies in the late 1990s and 2000.

ORDER - 4

In the pending motion, Boeing argues: (1) that summary judgment should be entered on the class compensation discrimination claim; and (2) in the alternative, summary judgment should be entered on the named Plaintiffs' individual compensation discrimination claims and the class should be decertified as to the compensation discrimination claim because the named Plaintiffs lack standing to maintain such claims as individuals and cannot satisfy the typicality or adequacy of representation prongs of Rule 23(a).

**Analysis**

1. <u>The Named Plaintiffs' Individual Compensation Discrimination Claims</u>

Boeing argues that there is no evidence (or even allegation) that any of the named Plaintiffs themselves suffered racial discrimination in compensation after May 28, 2000. Therefore, Boeing argues that the named Plaintiffs lack standing to maintain individual compensation discrimination claims. Boeing also asserts that if the named Plaintiffs lack standing, they cannot serve as representatives for a compensation discrimination class. The Court regards these arguments as threshold issues that must be resolved before reaching Boeing's argument that summary judgment should be entered as to the class compensation discrimination claim.

    A.    <u>Standing Requirements</u>

Standing is a jurisdictional issue that may be raised at any time. <u>United States v. Viltrakis</u>, 108 F.3d 1159, 1160 (9th Cir.1997). To have standing to maintain a claim, a plaintiff must at a minimum satisfy the "actual injury" component of the standing doctrine. <u>Casey v. Lewis</u>, 4 F.3d 1516, 1519 (9th Cir. 1993). This element "requires an injury to be 'real and immediate,' not merely 'conjectural' or 'hypothetical.'" <u>Id.</u> (citations omitted).

In the context of a class action, "[a]t least one *named* plaintiff must satisfy the actual injury component of standing in order to seek relief on behalf of himself or the class." <u>Id.</u> (emphasis in original). In cases where multiple claims are asserted, "it is not enough that a named plaintiff can establish a case or controversy between himself and the defendant by virtue of having standing as to

ORDER - 5

just one of many claims he wishes to assert." Griffin v. Dugger, 823 F.2d 1476, 1483 (11th Cir. 1987). Instead, "each claim must be analyzed separately, and a claim cannot be asserted on behalf of a class unless at least one named plaintiff has suffered the injury that gives rise to that claim." Id.

      B.      <u>Standing of the Named Plaintiffs to Maintain Individual Compensation Discrimination Claims</u>

Boeing argues that the five named Plaintiffs "admit that they themselves have not suffered compensation discrimination" during the relevant liability period (post-May 28, 2000). (Opening Brief at 2). As such, Boeing argues that the named Plaintiffs lack standing to maintain such claims as individuals. Boeing has introduced the following evidence with respect to the named Plaintiffs:

\*    **Doreen Ferguson** testified at her deposition that from 2001-2005, she cannot say that her supervisors discriminated against her in setting her salary because she is African American. (Shapiro Cohen Decl., Ex. 1, at 562:25-563:14). When asked whether she felt that her compensation in 2000 was in any way discriminatory based on her race, she testified "[f]or me, because I have nothing to compare it to, I'm thinking this is good. I also work with someone, a white male, who received 1,500, and he thought it was an insult, and he quit the company because he thought it was an insult, his merit raise. So, I really have nothing to base anything on. I think when I get any kind of an increase I'm doing well, but that's because I really don't have anything to compare it with, so I think I'm fine. But if I was to listen to other people, they're not happy with what they're receiving." Id. at 567:12-24.

\*    **Mara Ferrari**, when asked whether she had any complaints against Boeing in terms of discrimination since 1999, testified "no, I have not had any complaints." (Shapiro Cohen Decl., Ex. 2 at 58:12-16).

\*    **Rhonda Capps** has not worked at Boeing since 1999. (Shapiro Cohen Decl. Ex. 3). Plaintiffs do not dispute that Ms. Capps cannot maintain a compensation discrimination claim after May 28, 2000. (Opp. Brief at 17, n.7).

\*    **Kevin Biglow** had summary judgment entered against him by a federal district court in Kansas on November 29, 2001 on discrimination claims against Boeing, including compensation claims. (Shapiro Cohen Decl., Ex. 6). When asked whether he believed that he had been discriminated against in terms of compensation since November 2001, Mr. Biglow testified "I believe that I have been discriminated against and my compensation has been affected because of management's manipulation of denying me promotions which affects my salary." (Shapiro Cohen Decl., Ex. 4 at 249:5-12). When Mr. Biglow was later asked "[t]o the extent you have been discriminated against in compensation, it is tied to these promotions that you did not get; is that right?" He responded "I believe that my salary has been affected because of the opportunities that – the promotional opportunities were denied." Id. at 252:10-18.

ORDER - 6

\*       **Beverly Trotter** answered "no" when asked "whether you contend that Boeing discriminated against you in terms of compensation after May of 2000?"  (Shapiro Cohen Decl., Ex. 6 at 182:17-23).

Boeing presents strong evidence that none of the named Plaintiffs have demonstrated standing to maintain an individual claim for compensation discrimination after May 28, 2000.  Ms. Capps clearly lacks standing because she was not working for Boeing during that period, while Ms. Ferrari and Ms. Trotter indicated that they have no complaints about compensation discrimination during the relevant period.  Similarly, Ms. Ferguson's testified that she could not say that she had been discriminated against in terms of compensation since 2000.  Boeing asserts that Ms. Ferguson, who works as a Library Specialist C and earns $55,022, is currently the highest paid person in the Library Specialist position at any level nationwide.  Finally, Mr. Biglow's deposition testimony indicates that his salary complaints arise from allegations that Boeing has discriminated against him in promotions.  Since a promotion discrimination claim is distinct from a claim that he was paid less than similarly-situated white employees for doing the same work, this testimony supports Boeing's contention that Mr. Biglow lacks standing to maintain a compensation discrimination claim.

Plaintiffs argue that regardless of the merits of the named Plaintiffs' individual claims for compensation discrimination, the named Plaintiffs "had standing to allege in the Second Amended Complaint that they suffered pay discrimination in the post-May 2000 time period."  (Opp. Brief at 20).  Plaintiffs point to the Ninth Circuit's ruling in <u>Harmsen v. Smith</u>, 693 F.2d 932 (9th Cir. 1982), which noted:

> [S]tanding must be determined from the pleadings rather than from the liability actually imposed. . . . .  Standing ordinarily does not depend on the merits of a plaintiff's contentions; the requirement is based upon a separate determination that the plaintiffs have made "allegations of demonstrable, particularized injury."  As we have stated, "failure of proof as to the named plaintiffs would not bar maintenance of the class action or entry of judgment awarding relief to the members of the class."

<u>Id.</u> at 942-43 (citations omitted).

ORDER - 7

In its reply brief, Boeing argues that Harmsen is not applicable because "[h]ere, the named plaintiffs make no allegations that they suffered compensation discrimination in the amended complaint." (Reply Brief at 10). Because this argument was raised in Boeing's reply brief, the Court asked Plaintiffs to address this assertion at oral argument. Plaintiffs pointed to sections of the SAC that allege discrimination by Boeing in compensation. Plaintiffs argue that under the notice pleading requirements of Fed. R. Civ. P. 8(a), these allegations were sufficient to state individual claims for compensation discrimination for the named Plaintiffs.

The SAC includes a number of allegations of compensation discrimination by Boeing against African-Americans. However, in terms of specific allegations of discrimination regarding the named Plaintiffs, the SAC alleges:

> 94. Doreen Ferguson has worked for Boeing for more than 20 years. When she applied for a lead position in the maintenance stores, Boeing failed to promote her by simply closing the job title and making a lateral transfer which prevented her from getting the upgrade. The job was eventually offered to a less-qualified Caucasian worker with less seniority. Ms. Ferguson has also been subject to a racially hostile work environment by her supervisors. Boeing has failed to promote Ms. Ferguson, and has subjected her to different conditions of employment than her Caucasian coworkers, based on race.
>
> 101. Mara Ferrari has worked for Boeing since 1986. She was a manager (PC7) but was reclassified to a lesser position after her maternity leave. Ms. Ferrari applied for several promotions. She was slated for a promotion, but was later forced into a lesser position. The position was given to a Caucasian female, who was the daughter of the Deputy Vice President of BCAG. This person has less seniority and no experience in the organization. As to several other positions for which Ferrari applied, they were filled by people who did not have to interview or the job was not posted and/or no interview opportunity was given to Ms. Ferrari. Ms. Ferrari has been denied all promotions based upon race. Boeing has failed to promote Ms. Ferrari, and has subjected her to different conditions of employment and retaliation, based on race.
>
> 102. Rhonda Capps has worked for Boeing since 1976. Ms. Capps is a Senior Engineer. She has applied for promotions that were given to Caucasians who had less qualifications or fewer years of experience. She has been subjected to different terms and conditions of employment than her Caucasian coworkers, based on race.
>
> 110. Beverly Trotter began working for Boeing in 1974. She was a computer operator before being laid off. She applied for several promotions, but Caucasians with less experience and seniority were given the promotions. She trained several Caucasian managers' sons who were given promotions over her. She has been subjected to different conditions of employment based on race.

ORDER - 8

> 114. Kevin Biglow has worked for Boeing since 1989. He is a System Configuration Specialist. He has applied for promotions and Caucasians with less experience and seniority were given the positions. He has been subjected to different conditions of employment based on race.

(Dkt. No. 651). In sum, these allegations for each named Plaintiff focus on promotion discrimination (and for Ms. Ferguson and Ms. Ferrari, allegations of hostile work environment and retaliation, respectively), with no mention of compensation discrimination. These are not "demonstrable, particularized" allegations of injury from compensation discrimination.

In any case, Boeing is challenging the standing of the named Plaintiffs at the summary judgment stage of the litigation. In Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992), the Supreme Court indicated that the elements of standing "are not mere pleading requirements but rather an indispensable part of the plaintiff's case," and therefore each element of standing "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." As the Court in Lujan noted:

> At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we "presum[e] that general allegations embrace those specific facts that are necessary to support the claim." In response to a summary judgment motion, however, the plaintiff can no longer rest on such "mere allegations," but must "set forth" by affidavit or other evidence "specific facts" which for purposes of the summary judgment motion will be taken to be true.

Id. at 561 (internal citations omitted).

In response to Boeing's motion, the named Plaintiffs have not offered affidavits or other evidence that, even if taken as true, would show that they themselves have suffered injury after May 28, 2000 due to compensation discrimination. Plaintiffs argue that Ms. Ferguson and Mr. Biglow cannot be expected know whether they have been discriminated against in terms of salary because they do not know what their co-workers are paid. Plaintiffs also argue that the named Plaintiffs' testimony in response to deposition questioning should not be regarded as a concession that they have no viable claim as a matter of law. However, these arguments overlook Plaintiffs' obligation on a motion for

ORDER - 9

summary judgment to produce affidavits or other evidence that they have themselves suffered injury as a result of compensation discrimination.

Therefore, the Court grants Boeing's motion for partial summary judgment with respect to the individual compensation discrimination claims of the named Plaintiffs. The named Plaintiffs have not demonstrated standing to maintain such individual claims during the relevant liability period.

    C.    <u>Ability of the Named Plaintiffs to Serve as Class Representatives for a Compensation Discrimination Class</u>

Boeing argues that because the named Plaintiffs lack standing to maintain individual compensation discrimination claims during the relevant liability period, the named Plaintiffs necessarily cannot satisfy Rule 23(a)(3)'s requirement that a class representative's claims must be typical of the claims of the class. Boeing also maintains that the named Plaintiffs' lack of standing to maintain individual compensation discrimination claims renders them inadequate class representatives for such claims under Rule 23(a)(4). As Boeing notes, "[i]t should be obvious that there cannot be adequate typicality between a class and a named representative unless the named representative has individual standing to raise the legal claims for the class." <u>Prado-Steiman v. Bush</u>, 221 F.3d 1266, 1279 (11th Cir. 2000).

However, Plaintiffs argue that even if the named Plaintiffs do not have claims for damages due to compensation discrimination, they nonetheless have standing to seek injunctive relief directed at compensation discrimination at Boeing. At oral argument, Plaintiffs also cited <u>Rossini v. Ogilvy & Mather, Inc.</u>, 798 F.2d 590 (2d Cir. 1986), and <u>General Telephone Co. of the Southwest v. Falcon</u>, 457 U.S. 147 (1982), to support their argument that the named Plaintiffs may serve as representatives for a compensation discrimination class even if they do not have individual compensation discrimination claims.

ORDER - 10

i.     Standing To Seek Injunctive Relief

Plaintiffs argue that the "three named plaintiffs who currently work for Heritage Boeing – Ms. Ferguson, Ms. Ferrari and Mr. Biglow – have standing to seek an injunction, regardless of whether they have damage claims during the limitations period." (Opp. Brief at 17). To support their argument, Plaintiffs cite Robinson v. Metro-North Commuter R.R., 267 F.3d 147, 171 (2d Cir. 2001).

Robinson is not analogous to the situation here. In Robinson, the plaintiffs alleged race discrimination on behalf of a class and sought both injunctive and monetary relief. Id. at 155. While pursuing the litigation, the named plaintiffs entered into a settlement stipulation in which they agreed only to "participate as named plaintiffs and/or class representatives . . . in support of the class claims and/or [to] receive any class-wide injunctive relief," "but not [to seek] individual relief of any kind," including monetary relief. Id. at 171. The defendant argued that as a result of this settlement stipulation, Plaintiffs could not serve as adequate representatives for the class, since they had agreed not to pursue claims for damages. The court rejected that argument.

Unlike here, there was no question in Robinson that the named plaintiffs had standing in the first instance to pursue their claims; instead, the question was whether the named plaintiffs could serve as adequate class representatives after they had settled their individual monetary claims with defendant. Robinson cannot be read to provide that named plaintiffs in a class action may seek injunctive relief to remedy injuries that they have not experienced themselves.

ii.     *Rossini* and *Falcon*

Although not cited in their briefing, at oral argument Plaintiffs pointed to Rossini v. Ogilvy & Mather, Inc., 798 F.2d 590 (2d Cir. 1986), a case in which the Second Circuit held that a named plaintiff who alleged discrimination in transfers could serve as a representative for a class asserting claims for discrimination in promotion and training. The Rossini court found that the named plaintiff offered evidence that, if believed, indicated that the employer "discriminated 'in the same general

ORDER - 11

fashion' against [the named plaintiff] in her quest for transfer and against other class members seeking training or promotion." Id. at 598.

Rossini turned on the Supreme Court's ruling in General Telephone Co. of the Southwest v. Falcon, 457 U.S. 147 (1982) ("Falcon"), which addressed the ability of a named plaintiff who allegedly experienced one form of discrimination to maintain an "across-the-board" challenge to other forms of alleged discrimination by an employer. In Falcon, the named plaintiff alleged that he had experienced discrimination in promotions. He also sought to maintain class claims for discrimination in hiring. The Falcon Court noted that Rule 23(a) requirements "effectively 'limit the class claims to those fairly encompassed by the named plaintiff's claims.'" Id. at 156 (internal citation omitted). The Court found that the named plaintiff's claim for discrimination in promotions did not fairly encompass the class claims for discrimination in hiring, noting that "[t]he mere fact that an aggrieved private plaintiff is a member of an identifiable class or persons of the same race or national origin is insufficient to establish his standing to litigate on their behalf all possible claims of discrimination against a common employer." Id. at 159 n.15. The Falcon Court also emphasized that a "rigorous analysis" must be conducted to ensure satisfaction of Rule 23(a)'s requirements. Id. at 161. The Court found that the trial court had erred by failing "to evaluate carefully the legitimacy of the named plaintiff's plea that he is a proper class representative under Rule 23(a)" and stated that "actual, not presumed, conformance with Rule 23(a) remains . . . indispensable." Id. at 160.

Falcon clearly limits the ability of named plaintiffs in discrimination cases to bring "across-the-board" class actions against employers. However, as the court in Rossini noted, "[t]he Falcon Court did not hold that a plaintiff asserting one particular type of employment discrimination claim can never represent a class of employees asserting other types." Rossini, 798 F.2d at 597. As such, the named Plaintiffs are not necessarily barred from representing a compensation discrimination class, even if they do not have such claims as individuals. Nonetheless, Falcon teaches that under Rule 23(a), class claims must be limited to those "fairly encompassed" by the named Plaintiffs claims. Falcon, 457 U.S.

ORDER - 12

at 156. In addition, <u>Falcon</u> emphasizes the need for a "rigorous analysis" to ensure that Rule 23(a) requirements are met; compliance with Rule 23(a) may not be presumed. <u>Id.</u> at 160-61.

In this case, no "rigorous analysis" of the named Plaintiffs ability to satisfy Rule 23(a) requirements for the class compensation discrimination claim asserted in the Second Amended Complaint has ever occurred. Instead, Plaintiffs argued at the class certification stage of the proceedings that Rule 23(a) analysis was not necessary. Because Boeing did not dispute that assertion, compliance with Rule 23(a) was effectively presumed, based on the Ninth Circuit's decision in <u>Staton</u> upholding Judge Coughenour's determination in 1999 that Rule 23(a) requirements had been satisfied for the settlement class. This presumption of compliance with Rule 23(a) was not appropriate. Although the <u>Staton</u> court upheld the 1999 certification of a broad class for settlement purposes, the certification of that class in 1999 did not concern the compensation discrimination claim first alleged in 2004 in the Second Amended Complaint – a claim that is limited to acts or conduct after May 28, 2000. Under these circumstances, the compensation discrimination class should not have been certified without a rigorous analysis showing that the named Plaintiffs satisfied the requirements of Rule 23(a) for the newly-asserted compensation discrimination claim.

It should also be noted that the Court has determined that the compensation claim "does not arise out of the same operative facts as the promotions [claim]." (Dkt. No. 793 at 7). The Court made this determination in ruling on Boeing's motion for partial summary judgment to restrict the compensation claim, on statute of limitations grounds, to those based on acts or conduct after May 28, 2000. In analyzing whether the compensation claims alleged for the first time in the Second Amended Complaint related back to the promotion claims asserted in the earlier complaints, the Court found that "[n]ot only are the core operative facts different, but the evidence that Plaintiffs will rely on to prove the salary compensation claim will be different" from the promotion claim. <u>Id.</u> In light of this ruling, it would be incongruous to find that compensation discrimination claims first alleged in the Second

ORDER - 13

Amended Complaint are "fairly encompassed" by the promotion discrimination claims previously asserted by Plaintiffs.  See Falcon, 457 U.S. at 156.

Therefore the Court finds that the named Plaintiffs have not demonstrated their ability to serve as representatives for the compensation discrimination class under the principles of Falcon or Rossini.

2.	Decertification Request

"Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation." Falcon, 457 U.S. at 160.  Boeing argues that the compensation class should be decertified because the named Plaintiffs lack standing to maintain individual compensation discrimination claims and cannot satisfy the typicality and adequacy of representation prongs of Rule 23(a) for a compensation class.  The Court agrees that decertification of the compensation discrimination class is warranted.

Plaintiffs indicated at oral argument that they would request leave to amend the operative complaint in order to address standing or Rule 23(a) concerns.  Plaintiffs also indicated in a letter sent to the Court following oral argument that they are "prepared to immediately file . . . a motion for intervention by an absent class member with a post-May 2000 compensation claim if the Court deems it necessary and proper" and maintained that "the compensation class should not be decertified without [Plaintiffs'] first being permitted to file a motion for intervention." (Dkt. No. 909).  In response, Boeing submitted a letter to the Court indicating its opposition to granting either leave to amend or to intervene. (Dkt. No. 910).

The Court sees no basis to grant leave to amend the Second Amended Complaint.  In the most recent scheduling order issued in this matter, the Court set a deadline of July 18, 2005 for filing amended pleadings. (Dkt. No. 646).  Furthermore, since this litigation has been pending for seven years, leave to amend would cause undue delay in the proceedings.

ORDER - 14

The Court also finds that decertification should not be delayed to permit intervention by absent class members. The Ninth Circuit's decision in <u>Lierboe v. State Farm Mutual Automobile Insurance Co.</u>, 350 F.3d 1018 (9th Cir. 2003), is instructive on this point. In <u>Lierboe</u>, the district court initially certified a class, but it was subsequently determined that the named plaintiff did not have a valid claim from the outset of the litigation. The Ninth Circuit noted that if the plaintiff "initially had a viable . . . claim that later became moot, then our law in an appropriate case would permit substituting proper class representatives to allow the suit to proceed." <u>Id.</u> at 1023 n.6. However, the court found:

> [B]ecause this is not a mootness case, in which substitution or intervention might have been possible, we remand this case to the district court with instructions to dismiss. We are persuaded by the Seventh Circuit's approach in an analogous case, *Foster v. Center Township of LaPorte County*, 798 F.2d 237, 244-45 (7th Cir. 1986), which held that where the sole named plaintiff "never had standing" to challenge a township's poor-relief eligibility guidelines, and where "she never was a member of the class she was named to represent," the case must be remanded with instructions to dismiss.

<u>Id.</u> at 1023.

Similarly, this is not a case where the named Plaintiffs initially had viable compensation discrimination claims during the relevant liability period that subsequently became moot. Instead, the named Plaintiffs have not demonstrated standing in the first instance to maintain such claims. Under these circumstances, decertification of the compensation discrimination class is warranted and intervention would not be appropriate. See, e.g., <u>Lidie v. State of California</u>, 478 F.2d 552, 555 (9th Cir. 1973) ("where the original plaintiffs were never qualified to represent the class, a motion to intervene represents a back-door attempt to begin the action anew, and need not be granted"); <u>see also McClune v. Shamah</u>, 593 F.2d 482, 486 (3d Cir. 1979) ("A motion for intervention under Rule 24 is not an appropriate device to cure a situation in which plaintiffs may have stated causes of action that they have no standing to litigate.").

ORDER - 15

3. <u>Motion for Partial Summary Judgment on the Class Claim for Compensation Discrimination</u>

Because the Court is ordering decertification of the compensation class, it would not be necessary or appropriate for the Court to reach Boeing's request for summary judgment on the class compensation discrimination claim.

4. <u>Notice to Absent Class Members</u>

The Court finds that notice of the decertification of the compensation discrimination class should be sent to absent class members. See <u>Culver v. City of Milwaukee</u>, 277 F.3d 908, 914-15 (7th Cir. 2002). Class counsel shall prepare notice for the Court's approval within seven days of the date of this order.

**Conclusion**

The named Plaintiffs lack standing to maintain individual compensation discrimination claims against Boeing after May 28, 2000, which is the relevant liability period for such claims in this litigation. Therefore, the Court GRANTS Boeing's request for summary judgment on the individual compensation discrimination claims of named Plaintiffs Kevin Biglow, Rhonda Capps, Doreen Ferguson, Mara Ferrari, and Beverly Trotter.

The Court also GRANTS Boeing's motion to decertify the compensation discrimination class that was certified in January 2005. Because the named Plaintiffs lack standing to maintain individual compensation discrimination claims, they do not satisfy the typicality requirements of Rule 23(a) and cannot serve as class representatives for this claim. See, e.g., <u>Prado-Steiman v. Bush</u>, 221 F.3d 1266, 1279 (11th Cir. 2000) ("It should be obvious that there cannot be adequate typicality between a class and a named representative unless the named representative has individual standing to raise the legal claims for the class.").

ORDER - 16

Because the Court has concluded that the compensation discrimination class should be decertified, it would not be appropriate or necessary for the Court to issue a ruling on the merits of the class-wide allegations of compensation discrimination by Boeing.  Therefore, Boeing's request for summary judgment on the class compensation discrimination claim is STRICKEN as moot.

The Court's order does not preclude absent class members from pursuing compensation discrimination claims against Boeing, either as individuals or as a putative class action.  In addition, this order does not affect the class claim alleging discrimination in promotions by Boeing.  Trial on the class promotion discrimination claim will go forward as scheduled on December 5, 2005.

The clerk is directed to send copies of this order to all counsel of record.

Dated: November 4, 2005

        s/Marsha J. Pechman
        Marsha J. Pechman
        United States District Judge

ORDER - 17